```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA              :
                                      :    No. 03 Cr. 1256 (JFK)
     -against-                        :    No. 16 Civ. 3118 (JFK)
                                      :
AGRON GJIDIJA,                        :    OPINION & ORDER
                                      :
                         Defendant.   :
---------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/31/2021

APPEARANCES

FOR DEFENDANT AGRON GJIDIJA:
    Barry D. Leiwant
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR THE UNITED STATES OF AMERICA:
    David W. Denton, Jr.
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN**, United States District Judge:

Before the Court is Defendant-Petitioner Agron Gjidija's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Gjidija's motion is DENIED.

**I.   Background**

On March 30, 2004, Gjidija pleaded guilty, pursuant to a plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); one count of substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 ("Count Eight"); and brandishing a firearm during and in relation to the substantive Hobbs Act robbery charged in Count Eight, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2

1

("Count Nine"). The charges stemmed from Gjidija's role in a violent robbery crew that predominantly targeted drug dealers in the Bronx and Manhattan, and his participation in the armed robbery of an apartment in Upper Manhattan on or about February 13, 1999, during which Gjidija and others disguised themselves as police officers, forced their way into the apartment at gunpoint, and tortured a victim into handing over approximately $5,000 in narcotics proceeds. On October 13, 2004, this Court sentenced Gjidija to a 204-month term of incarceration to be followed by three years of supervised release.

On April 26, 2016, Gjidija filed a motion to vacate his § 924(c) conviction under Count Nine based on the United States Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), which held the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to be unconstitutionally vague. (ECF No. 196.) Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Gjidija's habeas petition pending the disposition of certain cases addressing the constitutionality of the residual clause of § 924(c). (ECF Nos. 203, 208.)

On June 17, 2020, the Court lifted the stay following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which, similar to Johnson, ruled that the residual clause of § 924(c) was unconstitutionally vague. (ECF No. 225.) On August 16, 2020, the Government opposed Gjidija's motion on the grounds that his § 924(c) conviction remains valid in light of the Second Circuit's decision in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019), which ruled that Hobbs Act robbery is a crime of violence under the so-called "force clause" of 18 U.S.C. § 924(c)(3)(A), and thus, Gjidija's conviction for the completed Hobbs Act robbery in Count Eight constitutes a valid predicate offense for his § 924(c) conviction in Count Nine. (ECF No. 236.) On September 14, 2020, Gjidija filed a letter in reply conceding that the merits of his petition are governed by Hill. (ECF No. 237.)

**II.  Discussion**

    **A.  Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### B. Analysis

18 U.S.C. § 924(c) imposes a mandatory, consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). As relevant here, § 924(c)'s so-called "elements clause" or "force clause" defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." Hill, 890 F.3d at 53; see also United States v. Felder, --- F.3d ---, No. 19-897, 2021 WL 1201340, at *15-16 (2d Cir. Mar. 31, 2021) (explaining Hobbs Act robbery is a categorical crime of violence).

As Gjidija concedes, the crime charged in Count Eight—substantive Hobbs Act robbery—constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A). Accordingly, Count Eight is a valid predicate offense for Count Nine, and Gjidija's motion to vacate his § 924(c) conviction and sentence is without merit. See Felder, 2021 WL 1201340, at *15-16; United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) (explaining that substantive Hobbs

Act robbery is a valid predicate offense for a § 924(c) conviction); United States v. White, No. 16 Cr. 82 (VEC), 2020 WL 5898680, at *6 (S.D.N.Y. Oct. 5, 2020) (denying similar habeas petitions to vacate § 924(c) convictions which were based on a completed Hobbs Act robbery).

### III. Conclusion

For the reasons set forth above, Defendant Agron Gjidija's motion to vacate, set aside, or correct his sentence is DENIED.

The Court declines to issue a certificate of appealability because Gjidija has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion docketed at ECF No. 196 in criminal case 03-CR-01256-JFK-5 and close civil case 16-CV-03118-JFK.

**SO ORDERED.**

Dated:   New York, New York
        March 31, 2021

                                              John F. Keenan
                                        United States District Judge